IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREW LEE HENDRICKS, II,         )
                                  )
    Plaintiff,                   )
                                  )
v.                                )     Case No. CIV-17-970-D
                                  )
LEVIE DRAKE, et al.,              )
                                  )
    Defendants.                  )

**REPORT AND RECOMMENDAITON**

    Plaintiff Andrew Lee Hendricks, II, an Oklahoma prisoner proceeding pro se and in forma pauperis, has filed a Complaint pursuant to 42 U.S.C. § 1983 seeking monetary damages. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Court has conducted an initial review of Plaintiff's Complaint [Doc. No. 1] as required by 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court finds Plaintiff's claims against "Levie Drake the F-Dewyn Bigg Detention Center" (FDBDC)[1] and Mr. Drake should be dismissed sua sponte for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii) (pertaining to actions brought in forma pauperis).

**I.**    **Named Defendants and Claim Presented**

    Plaintiff's Complaint [Doc. No. 1] names three defendants. FDBDC is a correctional facility. Levie Drake is apparently an inmate who was incarcerated at FDBDC while Plaintiff was an inmate there, as Plaintiff has identified Mr. Drake's "residence" as FDBDC. Compl. at 4. Lt. White was apparently a corrections officer at that correctional facility while Plaintiff was

---

[1] It appears Plaintiff is referring to the F. DeWayne Beggs Detention Center.

incarcerated there, as Plaintiff identifies Lt. White's place of employment as FDBDC.  *Id.* Plaintiff's states that on February 7, 2017, Lt. White allowed Mr. Drake to enter Plaintiff's cell on the S-Pod of FDBDC, whereupon Mr. Drake stabbed Plaintiff with a sharpened toothbrush.  *Id.* at 5.

## II.  Standard for Dismissal on Screening

Upon initial review of a complaint filed by a prisoner, the Court is charged with the duty to identify cognizable claims or to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii).

A court's initial review of a complaint to determine whether a litigant has stated a claim upon which relief may be granted under these statutes mirrors the review required by Fed. R. Civ. P. 12(b)(6).  The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff.  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face."  *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  Analysis

The Court has thoroughly reviewed Plaintiff's allegations in the Complaint as required by 28 U.S.C. § 1915A(a).  Because FDBDC and Mr. Drake are not proper defendants subject to suit

under 42 U.S.C. § 1983, the claims against FDBDC and Mr. Drake must be dismissed for failure to state a claim upon which relief may be granted.

FDBDC, a correctional institution, is not a proper defendant. Both this Court and the Tenth Circuit Court of Appeals have concluded that correctional facilities lack the capacity to be sued because such facilities lack an identity separate and apart from the county or state itself. *See Witmer v. Grady County Jail*, 483 F. App'x 458 (10th Cir. 2012) (affirming district court decision finding that county jail "lacked the legal capacity to be a defendant under Oklahoma law"); *Buchanan v. Oklahoma*, No. CIV-09-744-D, 2010 WL 1449603, at *4 (W.D. Okla. March 4, 2010) (finding that detention facilities "lack a separate legal identity from the state and cannot be sued" and citing numerous cases in other districts in which courts have held the same); *Hines v. Oklahoma*, No. CIV-07-197-R, 2007 WL 3046458, at *18 (W.D. Okla. Oct. 17, 2007) (holding that Oklahoma County Detention Center and Jess Dunn Correctional Facility, inter alia, lacked the capacity to be sued). Thus, claims against FDBDC should be dismissed without prejudice on initial screening.

The claims against Mr. Drake must also be dismissed. A claim under 42 U.S.C. § 1983 may be sustained only against defendants who were acting under color of state law. *See* 42 U.S.C. § 1983. "Under Section 1983, liability attaches only to conduct occurring 'under color of law.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The under-color-of-state-law requirement is a "jurisdictional requisite for a § 1983 action, which ... furthers the fundamental goals of preserving an area of individual freedom by limiting the reach of federal law ... and avoiding imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). "The traditional definition of acting under color of state law requires that the defendant in a § 1983

3

action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)). "The authority with which the defendant is allegedly 'clothed' may be either actual or apparent." *Jojola*, 55 F.3d at 493. Thus, "'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.'" *Gallagher*, 49 F.3d at 1447 (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Here, Mr. Drake, a fellow inmate, was not acting under color of state law. Thus, the claims against Mr. Drake should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Although the claims against FDBDC and Mr. Drake should be summarily dismissed, Plaintiff's Complaint, liberally construed, has stated a claim upon which relief may be granted as to Lt. White.

## RECOMMENDATION

The claims against the F. DeWayne Beggs Detention Center and Mr. Drake should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 24, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

4

## STATUS OF REFERRAL

This Report and Recommendation does not dispose of all issues referred by the District Judge in this matter.

ENTERED this 3rd day of November, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE